```
                THE UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
                       CENTRAL DIVISION


                                    CIVIL ACTION NO.:04-40121-FDS

VIRGINIA LATINO                  *
        Plaintiff                *
                                 *  AMENDED
VS.                              *  COMPLAINT
                                 *
PROVIDENT LIFE AND ACCIDENT      *
CORPORATION                      *
        Defendant                *
```

I.   INTRODUCTION

Pursuant to the order of the Court October 22, 2004, Plaintiff hereby amends her complaint as follows by replacing all references to UNUMProvident Corporation, who had denied Plaintiff's Complaint, by substituting in its place the Provident Life and Accident Insurance Company, who had issued the particular long term disablity policy in this case.

Virginia Latino is a disabled former employee of Fallon Health Services. She was covered under a disability plan maintained by Fallon. She suffers from autonomic neuropathy, a neurogenic bladder, a pseudo obstruction coli with chronic constipation, severe scoliosis with accompanying back pain, depression and panic attacks. On June 29, 2001, she submitted a claim for disability which was denied. She has appealed the denial of her claim. Defendant indicated it made a final decision. She seeks review of the decision in this Court pursuant to the Employee Retirement Income Security Act (ERISA).

1

## II. PARTIES

1. Virginia Latino is an individual who resides in Worcester, Massachusetts.

2. Provident Life and Accident Insurance Company administers the long term disability plan which Plaintiff had available to her as part of her employer's benefit plan. The plan is a qualified employees' disability plan within the meaning of 29 USC 1002(2)(A).

3. Provident Life and Accident Insurance Company regularly conducts business in Massachusetts. It is a licensed out-of state insurer.

## III. JURISDICTION

4. This action is brought before this Court pursuant to the Employee Retirement Income Security Act, 29 U.S.C. Section 1131(a)(1)(B).

## IV. FACTS

5. Virginia Latino was a medical assistant working for the Fallon Health Services for several years.

6. On March 3, 2001, Plaintiff became unable to work. Since that date she became "disabled" under the terms of the long term disability plan provided to her by her employer.

7. Fallon paid Ms. Latino through May 26, 2001.

8. On June 29, 2001, Plaintiff Latino submitted a claim for long term disability benefits to the Defendant.

9. Plaintiff's application was denied by notice issuing on August 7, 2001. She made a timely request for review of that

decision.

    10. On November 26, 2001, Ms. Latino received the Defendant's final decision on her formal request for review.

    11. Plaintiff was approved for Social Security Disability benefits, having been awarded benefits on March 1, 2002, and found disabled back to March 3, 2001.

    12. There were a number of correspondences between Plaintiff and Defendant through May, 2004. Indeed, Plaintiff submitted additional information to Defendant in April, 2004. Defendant indicated in a May 17, 2004 letter, that it may review those records at some point, but was waiting for additional records from the Social Security Administration to be provided.

    13. Defendant's decision is arbitrary and capricious, is not supported by a good faith evaluation of the evidence, and/or is contrary to law, because:

    a. It failed to give appropriate attention to unrebutted treating source testimony from both the primary care physician and the treating neurologist in the record regarding the Plaintiff's diagnoses, as well as their clinical documentation of her disabling medical signs and symptoms; and

    b. It ignored the opinions of those treating physicians regarding Plaintiff's capacity to perform her job, with no conflicting evidence in the file;

    c. It completely ignored Plaintiff's symptoms in evaluating her claim;

  d. It failed to consider the combined effect of all of Plaintiff's physical and emotional difficulties; and

  e. It applied an inconsistent definition of disability to her claim, sometimes requiring her to be disabled from performing her own work only, at others requiring her to disabled from performing any work for which she was suited.

  WHEREFORE, the Plaintiff respectfully requests that this Court issue the following relief:

  1. Assume jurisdiction of this case; and

  2. Find that Defendant has violated the relevant provisions of the ERISA by its actions in denying Plaintiff the benefits she is legally entitled to receive; or

  3. Remand this case for further proceedings to consider all of the medical evidence presented by the Plaintiff; and

  4. Award Plaintiff attorney's fees pursuant to 29 U.S.C. § 1132(g)(1); and

  5. Award such other relief as this Court finds just and proper.

                                      Respectfully submitted,
                                      VIRGINIA LATINO,
                                      Plaintiff
                                      By her Attorney

Dated: October 27, 2004        /s/Ronald B. Eskin
                                      Ronald B. Eskin
                                      B.B.O. #:  549290
                                      Law Office of Ronald B. Eskin PC
                                      228 Central St
                                      Lowell MA 01852
                                      Telephone: (978) 937-1600