UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

VIRGINIA LATINO,
     Plaintiff

V.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,
     Defendant

CIVIL ACTION NO. 04-40121-FDS

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

The defendant, the Provident Life and Accident Insurance Company ("Provident"), answers plaintiff's Amended Complaint as follows:

FIRST DEFENSE

I.    INTRODUCTION

Provident admits that it issued a group disability insurance policy (the "Policy") to Fallon Healthcare System as part of its Employee Welfare Benefit Plan (the "Plan"), of which Ms. Latino was a participant. Provident also admits that the plaintiff submitted a claim for benefits under the Policy, which was denied and Ms. Latino appealed that decision. Provident denies the remaining factual allegations set forth in this paragraph. The remaining allegations set forth in this paragraph concern contentions of law to which no answer is required.

II.    PARTIES

    1.    Provident admits that Ms. Latino provided Provident with a residential address of Worcester, Massachusetts.

2. Provident admits that it is the claims fiduciary for disability claims submitted under the Plan. The remaining allegations of paragraph 2 concern contentions of law to which no answer is required.

3. Provident denies the factual allegations contained in paragraph 3.

### III. JURISDICTION

4. Provident does not dispute the jurisdiction of this Court. The allegations contained in paragraph 4 are contentions of law to which no response is required.

### IV. FACTS

5. Based on information and belief, Provident admits that Ms. Latino was a medical assistant for Fallon Healthcare System from March 4, 1978 through March 1, 2001.

6. Provident denies the allegations contained in paragraph 6.

7. Provident is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Provident admits the factual allegations contained in paragraph 8.

9. The letter dated August 7, 2001 referenced in paragraph 9 of the Complaint speaks for itself. Provident admits that Ms. Latino appealed the decision to deny her claim.

10. Provident admits that it sent a letter to Ms. Latino dated November 26, 2001. The November 26, 2001 the letter speaks for itself. Provident is without knowledge or information sufficient to form a belief as to when Ms. Latino received this correspondence.

11. Provident is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Provident admits that Ms. Latino submitted additional information to Provident in May 2004. The letters referenced in paragraph 12 of the Complaint speak for themselves and no further answer is required as to the allegations contained in paragraph 12.

13. Provident denies the allegations contained in paragraph 13.

## SECOND DEFENSE

The plaintiff's claims are barred because they fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

The plaintiff's claims are barred because she is not totally disabled as defined by the Policy and/or the Plan.

## FOURTH DEFENSE

The plaintiff's claims are barred because plaintiff has failed to comply with all conditions precedent necessary to receive benefits under the Policy or the Plan.

## FIFTH DEFENSE

The plaintiff's claims are barred by the terms and conditions of the Policy and/or Plan.

## SIXTH DEFENSE

Provident Life and Accident Insurance Company fairly evaluated the plaintiff's claim and continues to do so, and at all times acted in good faith in its evaluation of plaintiff's claim for disability benefits.

## SEVENTH DEFENSE

This case is governed by the Employee Retirement Income Security Act, 29 U.S.C. §1001, et. seq.

### EIGHTH DEFENSE

Any common law claims asserted by the plaintiff are preempted by the Employee Retirement Income Security Act, 29 U.S.C. §1001, et. seq.

### TENTH DEFENSE

Because this case is governed by the Employee Retirement Income Security Act, 29 U.S.C. §1001, et. seq., the plaintiff is not entitled to a jury trial.

### ELEVENTH DEFENSE

The plaintiff is not entitled to the benefits sought pursuant to the terms of the Plan.

### TWELFTH DEFENSE

Provident Life and Accident Insurance Company discharged its duties with respect to the Policy and the Plan solely in the interest of all participants and beneficiaries and in doing so acting in accordance with the terms, instruments and documents governing the Plan.

### THIRTEENTH DEFENSE

The plaintiff's claims are barred because the defendant's benefit determination was not arbitrary and capricious, unreasonable or in bad faith, but rather was reasonable based on substantial evidence and in accordance with the terms of the Plan.

### FOURTEENTH DEFENSE

Under the Employee Retirement Income Security Act, the plaintiff is not entitled to any extra contractual damages.

### FIFTEENTH DEFENSE

The plaintiff's claims are barred by the doctrines of waiver and estoppel.

WHEREFORE, the defendant makes demand that the plaintiff's Amended Complaint be dismissed and judgment thereon be entered in favor of the defendant with an award of costs.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY

By its attorneys,

/s/ Kristina H. Allaire
Joan O. Vorster, Esq., BBO #550375
Kristina H. Allaire, Esq., BBO #646001
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

Dated: November 5, 2004

## CERTIFICATE OF SERVICE

I, Kristina H. Allaire, hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to Ronald B. Eskin, Esq., Law Office of Ronald B. Eskin, P.C., 228 Central Street, Lowell, MA 01852.

/s/ Kristina H. Allaire
Kristina H. Allaire, Esq.

Dated: November 5, 2004